IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 1:06cr261-MEF |
| | ) | WO |
| TIMOTHY BERNARD JONES | ) | |

**<u>ORDER ON MOTION</u>**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held in this case on November 28, 2006.

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that defendant has had six prior charges for harassment, assault or domestic violence, one of which is still pending. He has a prior conviction for possession of a pistol without a permit and a second pending charge for the same offense (incurred after a felony conviction).[1] Defendant has two convictions for attempting to elude police and a fugitive from justice charge on which he was transferred to Jackson County, Florida. His probation was revoked on two prior harassment convictions; he had a bond forfeiture on a distribution of a controlled substance charge; he incurred a probation violation charge in relation to a "robbery-sudden snatch"; he was arrested on a probation violation relating to illegal possession and fraudulent use of a credit card charges; and he failed to appear for trial on a July, 2006 possession of a pistol without a permit charge which remains pending on an active warrant. His state probation officer reported to the pretrial services

---

[1] The traffic stops which form the basis for the charges in this court both involved firearms, one of which was allegedly stolen.

officer that, although defendant has only been on his current probation for four months, she has already had to submit two violation petitions. Based on the foregoing, the court concludes that there are no conditions or combination of conditions which will reasonably assure the appearance of the defendant or protect the community and that the defendant should be detained.

Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE, this 30th day of November, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE